# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MONTGOMERY COUNTY, OHIO,

|  |  |  |  |
|---|---|---|---|
| | Plaintiff, | : | Case No. 3:22-cv-272 |
| | | | (Mont. Cty. Case No. 2020 CR 1992) |

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

- vs -

LARRY NALLS,

        Defendant.        :

## REPORT AND RECOMMENDATIONS

This case seeking removal of an Ohio criminal prosecution to this Court is before the Court for initial screening pursuant to 18 U.S.C. § 1915A which provides:

> **(a) Screening.—**
>
> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for Dismissal.—**On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

1

> (2) seeks monetary relief from a defendant who is immune from
> such relief.
>
> (c) Definition.—
> As used in this section, the term "prisoner" means any person
> incarcerated or detained in any facility who is accused of, convicted
> of, sentenced for, or adjudicated delinquent for, violations of
> criminal law or the terms and conditions of parole, probation,
> pretrial release, or diversionary program.

Defendant Nalls is a prisoner within the meaning of the Prison Litigation Reform Act.  He is incarcerated in the Montgomery County Jail in lieu of bond in his pending criminal case which he seeks to remove.  He seeks to remove *State v. Nalls*, Case No. 2020 CR 1927.

Whether or not removal of a state criminal prosecution to federal court counts as a civil action under the PLRA, this Court has a constitutional duty to ensure that it has subject matter jurisdiction of cases before it.  "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 506 (2006) (citing Fed.R.Civ.P. 12(b)(1)).

The question of the propriety of a removal is regarded by the Sixth Circuit as dispositive, requiring a report and recommended disposition from an assigned Magistrate Judge.  *Vogel v. U.S. Office Products Company,* 258 F.3d 509, 514 (6th Cir. 2001).

Defendant seeks permission to file a Notice of Removal under 28 U.S.C. §§ 1443 and 1455 (ECF No. 1-1, PageID 10)  He claims removal is justified by the following

> violations present [in the state court prosecution] at the time of
> filing: Fifth, Sixth, Eighth, and Fourteenth Amendments to the
> United States and Ohio Constitutions, including, but not limited to.
> Due process of law; Compulsory process; Conspiracy; Collusion;
> Prosecutorial misconduct; Abuse of discretion; Speedy Trial;
> Miscarriage of justice; Bad faith; Ineffective assistance of counsel;
> Confrontation; Bias; Prejudice; Partiality; Discrimination;
> Retaliation; Sabotage; Cruel and unusual punishment; Equal

2

> protection of law; Conflict of interest; withholding favorable
> discovery (*Brady*); Perjury; Weight of evidents [sic]; conspiracy;
> Collusion and Fair trial.

*Id.* at PageID 11.

28 U.S.C. § 1443 provides

> Any of the following civil actions or criminal prosecutions,
> commenced in a State court may be removed by the defendant to
> the district court of the United States for the district and division
> embracing the place wherein it is pending:
> (1)
> Against any person who is denied or cannot enforce in the courts
> of such State a right under any law providing for the equal civil
> rights of citizens of the United States, or of all persons within the
> jurisdiction thereof;
> (2)
> For any act under color of authority derived from any law
> providing for equal rights, or for refusing to do any act on the
> ground that it would be inconsistent with such law.

To warrant removal of a case to federal court under 28 U.S.C. § 1443, it must appear that

the right allegedly denied arises under federal law providing for specific civil rights stated in terms

of racial equality and that petitioner is denied or cannot enforce specified federal rights in state

courts. *Johnson v. Mississippi,* 421 U.S. 213 (1975). See, also, *Williams v. State of Miss.,* 608 F.2d

1021 (5th Cir. 1979). This statute thus refers only to laws governing racial equality and applies

when a stated statute or authoritative decision announces that claims of the sort asserted are

untenable within the state's judicial system. *City of Cleveland v. Corley,* 398 F.2d 41 (6th Cir.

1968); *State of Wisconsin v. Glick,* 782 F.2d 670 (7th Cir. 1986).

Nalls has not pleaded the existence of any Ohio statute or decision of the Supreme Court

of Ohio or the Ohio Second District Court of Appeals which prevents him from enforcing in the

Ohio courts his federal constitutional right to due process of law, compulsory process for the

3

attendance of witnesses, speedy trial, effective assistance of counsel, obtaining of favorable evidence, and so forth. Ohio judges are obliged by their oaths of office to enforce the United States Constitution. If they fail or have failed to date to do so in Nalls' pending criminal prosecution, he will have the right at the appropriate time to bring those claims before this Court by way of a petition for the writ of habeas corpus. But there is no Ohio statute (or at least none pleaded by Nalls) which interferes or purports to interfere with Ohio judges' obligation to enforce those rights.

An early example of application of § 1443 would be a statute which forbade seating black men as jurors. In *Strauder v. West Virginia,* 100 U.S. 303 (1879), removal was permitted under the Civil Rights Removal Act, the origin of §1443, where a statute provided blacks could not be seated as jurors. The same term, however, the Court declined to allow removal where the exclusion of blacks was a matter of practice rather than explicit statute. *Virginia v. Rives*, 100 U.S. 313 (1879). Rives continues to be good law. See *Johnson, supra*.

28 U.S.C. § 1455 provides the procedure for removal, rather than any independent basis for removal jurisdiction. On its face it shows Nalls' Notice of Removal would be ineffectual even if allowed to be filed, because it requires notice of removal to be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). Nalls filed this action after conviction but before judgment, but he was arraigned October 2, 2020. While the statute grants the District Court authority to allow a later filing, Nalls has neither sought that permission nor shown good cause why it should be granted.

4

**Conclusion**

Because this Court would not have jurisdiction over *State v. Nalls* if it were removed, Nalls'

Motion to File Notice of Removal should be DENIED.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

September 22, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge